UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DAVIS,<br><br>　　　　　Defendant. | No.  2:15-cr-00062-GEB<br><br>**ORDER REGARDING DEFENDANT'S REDACTION AND SEALING REQUEST CONCERNING SENTENCING** |

　　　　On May 16, 2016, Defendant emailed the Deputy Clerk a sealing request consisting of the Notice filed on the public docket as ECF No. 49, and his unredacted sentencing memorandum, to which are attached exhibits A, B and C, and the following Proposed Sealing Order that would grant the sealing request as follows: "IT IS HEREBY ORDERED Defendant's Request to Seal Documents be granted and the noticed documents be filed under seal, permitting Assistant United States Attorney Christiaan Highsmith and the United States Probation Officer assigned to complete the Presentence Investigation access to these documents unless otherwise ordered by this Court at a later time."

　　　　Defendant requests he be authorized to file a redacted sentencing memorandum. This request is denied because the portions of the sentencing memorandum Defendant seeks to redact have not been shown to contain information or arguments that

1

override the public's right of access to information supporting Defendant's sentencing positon.

> Public access in this context may serve to . . . promote accurate fact-finding; and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced. These salutary effects of access . . . support public access to [all arguments and information in Defendant's] sentencing memoranda except for all contents of Exhibits A and C attached thereto].

United States v. Kravetz, 706 F.3d 47, 56-57 (1st Cir. 2013) (ellipses omitted) (citations and internal quotation marks omitted).  Concerning the reasoning of the access principle, the Ninth Circuit states:

> The newspaper has a legitimate interest in explaining to a concerned public the means by which sentencing decisions are made. Making the public aware of how the criminal justice system functions [through filings on the public docket] surely serves the ends of justice. Publishing sufficient information to allow the public to join in a dialogue about the courts and the treatment of defendants can only have a positive impact on the public's perception of our judicial system. If the system has flaws, it is all the better that these flaws be exposed and subjected to public comment.

United States v. Schlette, 842 F.2d 1574, 1583 (9th Cir.), amended, 854 F.2d 359 (9th Cir. 1988).

It is questionable why Defendant has attached Exhibit A to his sentencing memorandum, which is his neuropsychological evaluation, and Exhibit C, which are two purported character referenced letters written to persuade the judge to impose a lenient sentence, since such information would not have to be attached to a sentencing memorandum if the information had been

timely submitted to the assigned Probation Officer. Nevertheless, the request to file these two exhibits under seal is granted; however, Defendant's request to file under seal Exhibit B is denied.

This sealing decision does not preclude any party or a probation officer from using or discussing any sealed document or a portion thereof at a sentencing hearing, or in any appellate filing subsequent to that hearing, since such secrecy has not been shown justified. Further, absence such a secrecy justification what motivates the judge's sentencing decision should be open to public scrutiny.

Dated: May 17, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3