UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DAVIS,<br><br>　　　　　　Defendant. | No.  2:15-cr-00062-TLN<br><br>**ORDER** |

　　　This matter is before the Court pursuant to Defendant John Davis's ("Defendant") Motion for Clarification of Sentence Imposed.[1]  (ECF No. 73.)  The Government filed an opposition. (ECF No. 81.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

　　　On October 23, 2015, Defendant pleaded guilty to two counts of a four-count Information. Count One charged laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Count Four charged possession with intent to distribute methamphetamine in

---

[1]　The Court construes Defendant's *pro se* motion as one brought under 18 U.S.C. § 3582(c)(2). *See United States v. Charles*, No. 112-CR-221-LJO-SKO-1, 2017 WL 3641787, at *1 (E.D. Cal. Aug. 24, 2017) ("Because Defendant's motion seeks the application of an amendment to the Guidelines, it is appropriately categorized as a § 3582 motion.").

1

violation of 21 U.S.C. § 841(a)(1).  In Defendant's presentencing report ("PSR"), the probation officer found a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) because Defendant's crimes involved 12 kilograms of methamphetamine (actual).  The PSR further recommended as follows: a two-level increase because Defendant was convicted of a money laundering crime; a two-level decrease because Defendant qualified for the safety-valve provision of U.S.S.G. § 5C1.2; and a three-level decrease for acceptance of responsibility.  The resulting total offense level was 35, and Defendant's criminal history category was I.  As such, the applicable guidelines range was 168–210 months of imprisonment.

At Defendant's sentencing hearing on May 20, 2016, the Court adopted the guidelines calculation in the PSR.  The Court also granted the Government's motion under U.S.S.G. § 5K1.1 and sentenced Defendant to an 84-month term of imprisonment on each count to be served concurrently.  On February 21, 2017, Defendant, proceeding *pro se*, filed the instant motion seeking determination of his eligibility for an additional reduction under Amendment 794 for a minor role in the offense.[2]  (ECF No. 73 at 1.)

"A federal court generally may not modify a term of imprisonment once it has been imposed."  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citation and internal quotation marks omitted).  However, 18 U.S.C. § 3582(c)(2) is an important exception to the general rule.  Under 18 U.S.C. 3582(c)(2), "a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017).

The Sentencing Commission issued Amendment 794 on November 1, 2015.  Amendment 794 modified the commentary of U.S.S.G. § 3B1.2 and directed sentencing courts to consider the following factors in determining whether to apply a minor role reduction: (1) the degree to which the defendant understood the scope and structure of the criminal activity; (2) the degree to which

---

[2] In opposition, the Government argues Defendant is not entitled to a reduction under Amendment 782, which generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels.  Defendant did not mention Amendment 782 in his motion, and it is unclear to the Court why the Government addressed it.  Therefore, the Court will not address the Government's arguments concerning Amendment 782 in ruling on the instant motion.

the defendant participated in planning or organizing the criminal activity; (3) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (4) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (5) the degree to which the defendant stood to benefit from the criminal activity. *United States v. Quintero-Leyva*, 823 F.3d 519, 523-24 (9th Cir. 2016); U.S.S.G. § 3B1.2 cmt. n. 3(C).

Here, Defendant's motion is unavailing for several reasons. As an initial matter, Amendment 794 did not "subsequently lower" Defendant's guideline range because Amendment 794 was already in effect prior to Defendant's sentencing. More specifically, the final PSR in this case is dated April 29, 2016, almost six months after Amendment 794's effective date of November 1, 2015. If Defendant believed he was entitled to a minor role reduction pursuant to Amendment 794, he should have raised the issue before sentencing. As it is, there is no indication that Defendant ever sought a minor role reduction, and the Court did not apply a minor role reduction at sentencing. That determination cannot be revisited through a motion pursuant to 18 U.S.C. § 3582(c)(2).

Moreover, Defendant would not be entitled to a minor role reduction even if this Court considered the U.S.S.G. § 3B1.2 factors. Although there may have been other participants in the overarching criminal conduct, there is no indication that Defendant was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A). To the contrary, the investigation in this case centered on Defendant's repeated negotiations with DEA confidential informants to launder large amounts of money from distributing marijuana. Defendant admitted to previously using trusts to conceal proceeds, and he was attempting to mitigate tax consequences. Further, in his dealings with a DEA confidential informant, Defendant engaged in trafficking a total of almost 12 kilograms of methamphetamine. Based on the foregoing, it is clear that Defendant (1) understood the scope and nature of the criminal activity, (2) played a central role in planning and organizing the criminal activity, (3) exercised decision-making authority in the scheme, (4) participated in the commission of the criminal activity, and (5) stood

to benefit from the criminal activity.  Accordingly, Defendant is not entitled to a minor role reduction.

Lastly, even if Defendant qualified for the two-level decrease for minor role under U.S.S.G. § 3B1.2(b), the amended guideline range would be 135–168 months of imprisonment. The Court previously sentenced Defendant to a greatly reduced term of 84 months.  The Court is not required to further reduce Defendant's sentence, which is already far less than the low end of the guideline range Defendant seeks.  *United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016) ("[I]f the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction.").

For the foregoing reasons, the Court hereby DENIES Defendant's motion.  (ECF No. 73.)

IT IS SO ORDERED.

DATED:  April 16, 2020

Troy L. Nunley
United States District Judge