UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DAVIS,<br><br>    Defendant. | No. 2:15-cr-00062-TLN<br><br>**ORDER** |

    This matter is before the Court on Defendant John Davis's ("Defendant") Motion for Compassionate Release. (ECF No. 84.) The Government filed an opposition. (ECF No. 89.) Defendant filed a reply. (ECF No. 91.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2015, Defendant pleaded guilty to two counts of a four-count information. Count One charged laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Count Four charged possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

At Defendant's sentencing hearing on May 20, 2016, the Court sentenced Defendant to a total term of imprisonment of 84 months to be followed by 36 months of supervised release. Defendant is currently serving his sentence at Lexington FMC. He has served approximately 44 months of his 84-month sentence of imprisonment and his projected release date is September 2022.

On June 5, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 84.) In his motion, Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. Defendant is 74 years old and claims he is particularly vulnerable to COVID-19 due to his age, various medical conditions, and current conditions of confinement. (*Id.*) In opposition, the Government argues the Court should deny Defendant's motion because Defendant is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (ECF No. 89 at 20–23.) The Government also notes Defendant tested positive for COVID-19 on May 26, 2020 and has been approved for a tentative transfer to community confinement set for June 30, 2020. (*Id.* at 11.)

## II. ANALYSIS

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant made a compassionate release request to the warden on April 30, 2020. Because 30 days have passed since April 30, 2020, it is undisputed Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.      Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he suffers from many medical conditions, including chronic obstruction pulmonary disease ("COPD"), atrial fibrillation, edema, and high blood pressure. Defendant argues his medical conditions constitute extraordinary and compelling reasons warranting a sentence reduction. (ECF No. 84 at 13.) The Court agrees. The Centers for Disease Control and Prevention ("CDC") has identified COPD as a chronic lung disease that constitutes a high-risk factor for COVID-19.[1] While the Government argues the BOP has been able to treat Defendant's medical conditions thus far, the Government admits Defendant

---

[1] *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#chronic-lung-disease.

3

1  "may be eligible for relief under the serious illness prong based upon his records demonstrating
2  COPD." (ECF No. 89 at 19–20.) Moreover, at age 74, Defendant is undisputedly in the high-risk
3  age category for COVID-19.

4  Not only do Defendant's age and medical conditions put him at greater risk, but he is
5  housed at Lexington FMC, a facility which has experienced a significant COVID-19 outbreak.
6  At present, 27 inmates are currently positive for COVID-19, 6 inmates have died, and 227
7  inmates have recovered at Lexington FMC. The prevalence of the disease in this facility puts
8  Defendant at great and particularized risk due to his well-documented, serious, and ongoing
9  health conditions. Although the Government argues that Defendant's motion is moot because he
10 has already contracted COVID-19 and is currently being treated, such an argument ignores the
11 possibility that Defendant may become infected again even if he fully recovers.

12 For the foregoing reasons, the Court finds Defendant has met his burden to demonstrate he
13 is subject to a serious or unrecoverable condition that substantially diminishes his ability to
14 provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As such, there are
15 extraordinary and compelling reasons for Defendant's release.

16         C.     Continuing Danger

17 The Government argues that regardless of the health risks, Defendant is ineligible for
18 compassionate release because he is a continuing danger to the community. (ECF No. 89 at 20);
19 *see also* U.S.S.G. § 1B1.13(2) (requiring courts to determine that a defendant is not "a danger to
20 the safety of any other person or to the community" before granting compassionate release).
21 Specifically, the Government argues Defendant's offenses involved a sophisticated drug
22 trafficking operation that laundered its proceeds through bank accounts. (*Id.*) The Government
23 also emphasizes the conspiracy ended with the seizure of more than 20 pounds of
24 methamphetamine directly attributable to Defendant. (*Id.*) Finally, the Government vaguely
25 argues that "irresponsible social habits also gravely endanger the community." (*Id.*)

26 Despite the Government's arguments, the Court is not persuaded that Defendant's offense
27 conduct from 2013, without more, is a sufficient basis for finding him to be a continuing danger
28 to the community. Defendant's offenses were non-violent, he has no prior criminal history, he

4

accepted responsibility for his offenses, he assisted authorities in his prosecution, and he has earned good conduct credits while in prison.  Further, Defendant's age and deteriorating health make it unlikely he poses a danger, especially during the current pandemic.  Given these considerations, the Court finds Defendant does not pose a danger to the community.

### D. Section 3553(a) Factors

The compassionate release statute also requires courts to consider § 3553(a) factors in determining whether to reduce a defendant's sentence.  *See* 18 U.S.C. § 3582(c)(1)(A).  Here, the Court finds the § 3553(a) factors, specifically Defendant's history and characteristics, weigh in favor of a time served sentence.  Defendant was sentenced in May 2016.  Prior to sentencing, both probation and the Government recommended significant downward variances based on concerns about Defendant's age and numerous health problems.  The COVID-19 pandemic amplifies those concerns considerably.  Moreover, as mentioned, Defendant has no prior criminal history.  The Court believes the 44 months Defendant has spent in prison constitutes a just punishment for his undeniably serious criminal offenses and is sufficient to deter such conduct in the future and protect the public from further crimes.  Put simply, keeping Defendant imprisoned longer would endanger Defendant's health without improving upon the purposes of sentencing.

In sum, Defendant has shown extraordinary and compelling reasons for a sentence reduction because his age and medical conditions put him in significant danger of suffering severe symptoms from COVID-19.  The Court also finds Defendant is not a danger to society and the § 3553(a) factors support his release.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Compassionate Release.  (ECF No. 84.)  Accordingly, the Court modifies Defendant's sentence of imprisonment to time served followed by the 36-month term of supervised release imposed in the previous sentence.

In addition, the Court imposes a special condition of supervised release that Defendant be subject to a six-month period of home confinement, to begin as soon as possible after his release.  The terms of the special condition are as follows:

    Defendant shall be monitored for a period of six months, with location monitoring technology, which may include the use of radio frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or SmartLink, at the discretion of the probation officer. Defendant shall abide by all technology requirements, which could include the requirement of a cellular phone (SmartLink) or the installation of a landline (VoiceID). Defendant shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, Defendant's movement in the community shall be restricted as follows:

    Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

The Government shall serve a copy of this Order on the warden at Lexington FMC forthwith.

Defendant shall be released only after all release plans are in place.

    IT IS SO ORDERED.

DATED: June 23, 2020

                                                Troy L. Nunley
                                                United States District Judge