HEATHER E. WILLIAMS, Ca. Bar 122664
Federal Defender
ANN C. McCLINTOCK, Ca. Bar 141313
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
JOHN DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DAVIS,<br><br>    Defendant. | NO. 2:15-CR-00062-1 TLN<br><br>**STIPULATION TO TERMINATE SUPERVISED RELEASE & ORDER**<br><br>Judge: Hon. Troy L. Nunley |

**STIPULATION TO TERMINATE
SUPERVISED RELEASE EARLY**

It is hereby stipulated and agreed between defendant, JOHN DAVIS, and plaintiff, United States of America, that the Court should enter an order terminating supervised release pursuant to 18 U.S.C. § 3583(e)(1). The five-year term of supervised release began on June 26, 2020. On December 26, 2021, Mr. Davis completed 18 months of his supervisory term. The Probation Office and its officer Miriam Olea confirm that Mr. Davis is in full compliance in all areas of supervision and supports the early termination of supervision. Assistant United States Attorney Jason Hitt also reviewed this request and has no opposition to the termination of supervision. A proposed order is attached for the Court's convenience.

/ / /

The parties agree as follows:

1. Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

2. Section 3584(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3583(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination. Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

> (b) During the first 18 months of supervision, the appropriateness of early termination must be based on the person's overall progress in meeting supervision objectives, to include having:
>
> > (1) substantially satisfied the requirements of the court order; and
> >
> > (2) demonstrated a willingness and capability to remain lawful beyond the period of supervision.

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 360.20(b), "Early Termination" (rev'd July 2, 2018). "[T]he plain language of the statute [§ 3584(e)] indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). At the 18th month mark, the Judiciary Policy creates a presumption in favor of termination for those who meet the following criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
> (2) The person presents no identified risk of harm to the public or victims;
> (3) The person is free from any court-reported violations over a 12-month period;
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (5) The person is in substantial compliance with all conditions of supervision; and
> (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

1 | Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 360.20(c).

2 |     3.    Mr. Davis satisfies all factors set forth above for an early termination. He has completed
3 | all his terms of supervision and has no need for further programming.

4 |     4.    Mr. Davis pleaded guilty on October 23, 2015, to two counts: Laundering of Monetary
5 | Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(I), and Possession With Intent to Distribute
6 | Methamphetamine in violation of 21 U.S.C. § 841(a)(1). This Court originally imposed an 84-month
7 | prison term followed by a 36-month term of supervised release. Docket entry nos. 37, 64. On June
8 | 23, 2020, this court granted a motion to reduce Mr. Davis's sentence. Docket entry no. 92. He began
9 | his supervised release term on June 26, 2020.

10 |     5.    Mr. Davis's experience in the federal prison system changed him profoundly and has
11 | set him on the stable path that he is on today. The Court is often called upon to impose serious
12 | consequences for defendants who violate supervised release. Mr. Davis has completed every
13 | condition asked of him. He has fully reintegrated into society and has achieved stable community
14 | reintegration in terms of housing, friends, and financial security. He is in full compliance with all
15 | terms of supervision. There was no violence in his offenses. He is not using controlled substances.
16 | He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for
17 | early termination of supervised release based on every factor the Court must consider.
18 | / / /

1  The parties stipulate that given Mr. Davis's commendable reentry into the community and
2 performance on supervised release, this Court should order that his term of supervision be terminated
3 under 18 U.S.C. § 3583(e).

Dated: March 22, 2022

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

 *s/ Jason Hitt*
JASON HITT
Assistant U.S. Attorney

HEATHER E. WILLIAMS
Federal Defender

Dated: March 22, 2022

 *s/ Ann C. M$^c$Clintock*
ANN C. M$^c$CLINTOCK
Assistant Federal Defender

Attorneys for Defendant
JOHN DAVIS

**ORDER**

For the reasons stated in the parties' stipulation, the Court GRANTS the request and terminates defendant's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

IT IS SO ORDERED.

Dated: March 23, 2022

Troy L. Nunley
United States District Judge